# EXHIBIT 1

**2622-CC00981**

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

ROBERT REESE,                    )
                                 )        Case No.
      Plaintiff,                 )
v.                               )        Division No.
                                 )
HEARTLAND COCA-COLA              )
BOTTLING COMPANY, LLC,           )
                                 )        **JURY TRIAL DEMANDED**
<u>Serve Registered Agent</u>:         )
CT Corporation System            )
5661 Telegraph Road, Suite 4B    )
St. Louis, Missouri 63129        )
                                 )
      Defendant.                 )

**PETITION FOR UNLAWFUL EMPLOYMENT DISCRIMINATION,
HARASSMENT AND RETALIATION**

COMES NOW, Plaintiff Robert Reese, by and through his attorneys, and for Plaintiff's Petition for Unlawful Employment Discrimination, Harassment and Retaliation under the Missouri Human Rights Act against Defendant Heartland Coca-Cola Bottling Company, LLC states as follows:

**NATURE OF CLAIMS**

1. Plaintiff's Petition includes claims of unlawful discrimination and harassment based on disability and/or perceived disability in violation of §213.055 R.S.Mo. and retaliation for objecting to, opposing and reporting unlawful discrimination and harassment in violation of §213.070 R.S.Mo.

**PARTIES**

2. Plaintiff Robert Reese is a resident of the City of St. Louis, Missouri, residing at 6953 Wanda Court, St. Louis, Missouri 63116.

1

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

3. At all times relevant hereto, Plaintiff Robert Reese is and was an employee of Defendant Heartland Coca-Cola Bottling Company, LLC.

4. Defendant Heartland Coca-Cola Bottling Company, LLC is a corporation, organized and existing under Kansas law, with its corporate headquarters located at 9801 Industrial Blvd., Lenexa, Kansas 66215.

5. Defendant Heartland Coca-Cola Bottling Company, LLC is authorized to transact business in the State of Missouri and maintains a distribution and warehouse facility in St. Charles County, Missouri, at 3800 Mueller Road, St. Charles, Missouri 63301.

6. At all times relevant hereto, Defendant Heartland Coca-Cola Bottling Company, LLC is and was engaged in the manufacture, distribution and sale of Coca-Cola products.

7. Defendant Heartland Coca-Cola Bottling Company, LLC is an employer who had six (6) or more employees for each working day in each of twenty (20) or more calendar weeks in the current calendar year and/or preceding calendar year in the State of Missouri. Based on information and belief, Defendant Heartland Coca-Cola Bottling Company, LLC employs approximately 2,400 individuals.

## JURISDICTION, VENUE AND ADMINISTRATIVE EXHAUSTION

8. This Court has subject jurisdiction over the claims asserted in Plaintiff's Petition pursuant to Article V, Section 14 of the Missouri Constitution (1945) and §478.070 R.S.Mo.

9. The claims asserted in Plaintiff's Petition are brought pursuant to and in accordance with §213.111 R.S.Mo.

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

10.     The acts, events or occurrences constituting the unlawful discrimination, harassment and retaliation occurred in whole or in part in the City of St. Louis, Missouri, as follows:

a.     Plaintiff Robert Reese was employed as a Lead Merchandiser and Later as a Merchandiser;

b.     Plaintiff Robert Reese worked, in part, from home where he maintained a home office;

c.     Plaintiff Robert Reese was assigned accounts and routes located in part in the City of St. Louis, Missouri;

d.     Plaintiff Robert Reese performed his work duties in part in the City of St. Louis, Missouri;

e.     Plaintiff Robert Reese sent and received communications (including correspondence, e-mails and texts) to and from Defendant Heartland Coca-Cola Bottling Company, in part, in the City of St. Louis, Missouri, at his home office, at the assigned stores, and on routes located in the City of St. Louis, Missouri.

f.     The communications sent and received in the City of St. Louis, Missouri were an integral part of the discrimination, harassment and retaliation;

g.      The discrimination, harassment and retaliation committed or occurred in the workplace in the City of St. Louis, Missouri, including his home office, assigned accounts, and route where the adverse employment actions, harassment, and adverse actions occurred; and

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

h.    Plaintiff Robert Reese was first injured in the City of St. Louis, Missouri, where the adverse employment actions, harassment, and adverse actions occurred.

11.    Venue is proper in the Circuit Court of the City of St. Louis, Missouri, pursuant to §213.111 R.S.Mo. where the acts, events or occurrences constituting the unlawful discrimination, harassment and retaliation occurred or were otherwise committed, in whole or in part, in the City of St. Louis, Missouri.

.    12.    Plaintiff Robert Reese timely filed a Charge of Discrimination with the Missouri Commission on Human Rights and the U.S. Equal Employment Opportunity Commission alleging disability discrimination and harassment and alleging retaliation within one hundred eighty (180) days of the acts, events, and occurrence constituting the unlawful discrimination, harassment and retaliation.

13.    Plaintiff Robert Reese requested and received a right to sue letter from the Missouri Commission on Human Rights and timely filed Plaintiff's Petition within ninety (90) days of receipt of the right to sue letter and within two (2) years of the of the acts, events, and occurrence constituting the unlawful discrimination, harassment and retaliation.

### FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14.    From October 26, 2021, through May 28, 2025, Plaintiff Robert Reese was employed by Defendant Heartland Coca-Cola Bottling Company, LLC.

15.    Plaintiff Robert Reese was initially employed by Defendant Heartland Coca-Cola Bottling Company, LLC as Lead Merchandiser and later as Merchandiser and other temporary work assignments.

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

16.    As a Lead Merchandiser and Merchandiser, Plaintiff Robert Reese worked exclusively from his home and in the field at retail locations in the City of St. Louis, St. Louis County, Jefferson County and Washington County which purchased Coca-Cola products from Defendant Heartland Coca-Cola Bottling Company, LLC.

17.    Plaintiff Robert Reese suffered a workplace injury to his back on or about January 3, 2023, and was on medical leave for his workplace injury from approximately March 29, 2023, through November 11, 2024.

18.    On or about April 5, 2024, during his medical leave, Defendant Coca-Cola Bottling Company, Inc. removed Plaintiff Robert Reese from his position as Lead Merchandiser.

19.    On or about November 6, 2024, Plaintiff Robert Reese was released to return to work.

20.    On the same day, Plaintiff Robert Reese received communications from Defendant Heartland Coca-Cola Bottling Company, LLC confirming his return to work as a Lead Merchandiser.

21.    When Plaintiff Robert Reese returned to work, Defendant demoted Plaintiff Robert Reese from Lead Merchandiser to Merchandiser.

22.    The Merchandiser position required more physical exertion than the Lead Merchandiser position.

23.    At the time of his demotion, Plaintiff Robert Reese was able to perform the duties of the Lead Merchandiser position.

24.    From approximately November 7, 2024 to November 20, 2024, Plaintiff Robert Reese performed the duties of the Merchandiser position.

5

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

25.     Although fully informed of his workplace injury, aware of the increased physical exertion required by the Merchandiser position, and having promised Plaintiff Robert Reese additional assistance consistent with his pre-medical leave restrictions, Defendant Heartland Coca-Cola Bottling Company, LLC intentionally overscheduled his assigned routes and refused to provide the additional promised assistance.

26.     Despite the overscheduling and denial of assistance, Plaintiff Robert Reese was able to perform the duties of the Merchandiser position.

27.     On or about November 20, 2024, after overscheduling and denial of the promised assistance, Plaintiff Robert Reese complained of pain and the workers' compensation physician instructed Plaintiff Robert Reese to not lift more than forty (40) pounds.

28.     Defendant Heartland Coca-Cola Bottling Company, LLC granted Plaintiff Robert Reese an accommodation that included work assignments where Plaintiff Robert Reese would work with other merchandisers.

29.     Despite being fully informed of his workplace injury, the restriction on lifting, and the granting of the accommodation, Defendant Heartland Coca-Cola Bottling Company, LLC required Plaintiff Robert Reese to push and pull pallets in excess of forty (40) pounds.

30.     Plaintiff Robert Reese complained to Defendant Heartland Coca-Cola Bottling Company, LLC regarding the failure to honor the restriction and previously granted accommodation.

31.     In response, the Human Resources Department denied that pushing and pulling was included in the restriction and refused to modify the accommodation or grant

an additional accommodation stating that additional accommodation restricting pushing or pulling was not necessary.

32.     In addition to its refusal to modify the accommodation or grant an additional accommodation, Defendant Heartland Coca-Cola Bottling Company, LLC refused to fully honor the previously granted accommodation and assigned Plaintiff Robert Reese to route assignments with no assistance from other merchandisers.

33.     On November 26, 2024, Plaintiff Robert Reese, while working without the assistance provided by the previously granted accommodation, suffered a second workplace injury.

34.     Plaintiff Robert Reese reported the second workplace injury to Defendant Heartland Coca-Cola Bottling Company, LLC and was promised additional assistance consistent with the previously granted accommodation.

35.     Defendant Heartland Coca-Cola Bottling Company, LLC again failed to provide the promised additional assistance.

36.     Despite Defendant Heartland Coca-Cola Bottling Company, LLC's failure to honor the restriction and refusal to provide the assistance required by the previously granted accommodation, Plaintiff Robert Reese was able to fully perform the duties of the Merchandiser position.

37.     On or about December 26, 2024, the workers' compensation physician instructed Plaintiff Robert Reese to not push or pull more than forty (40) pounds and Defendant Heartland Coca-Cola Bottling Company, LLC modified the previously granted accommodation consistent with the restriction.

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

38.    Defendant Heartland Coca-Cola Bottling Company, LLC again refused to fully honor the previously granted accommodation and assigned Plaintiff Robert Reese to route assignments with no assistance from other merchandisers.

39.    Even with the refusal to honor the accommodation, Plaintiff Robert Reese continued to fully perform his assigned work duties.

40.    In January, 2025, Plaintiff Robert Reese, concerned by the continued refusal to honor the previously granted accommodations, applied for two (2) Salesperson positions.

41.    Plaintiff Robert Reese was fully qualified and possessed all of the stated qualifications for the Salesperson positions and was able to perform the essential functions of the Salesperson positions.

42.    Despite being fully qualified for the positions and being able to perform the essential functions of the Salesperson positions, Plaintiff Robert Reese was denied promotion or transfer to the Salesperson positions based on his disability or perceived disability.

43.    In justifying the denial of promotion or transfer to the Salesperson positions, Defendant Heartland Coca-Cola Bottling Company, LLC stated to Plaintiff Robert Reese that "they were going another direction" without further explanation.

44.    The stated reason for the denial of promotion or transfer was a pretext to cover-up unlawful discrimination based on disability or perceived disability and was in furtherance of Defendant Heartland Coca-Cola Bottling Company, LLC's policy or practice not to hire, promote or transfer individuals who were under medical restrictions or who required an accommodation to perform the duties of the position.

8

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

45.` On or about February 2, 2025, Defendant Heartland Coca-Cola Bottling Company, LLC unilaterally withdrew the previously granted accommodations.

46. Defendant Heartland Coca-Cola Bottling Company, LLC agreed to assign Plaintiff Robert Reese to a comparable position.

47. Despite this promise, Defendant Heartland Coca-Cola Bottling Company, LLC assigned Plaintiff Robert Reese to a warehouse position.

48. The assignment to a warehouse position included different work duties, a second shift schedule from 12 noon to 8 or 9 p.m., and substantially increased commute in terms of distance, time and cost, all which were different than and not comparable to his prior positions.

49. Subsequent to the withdrawal of the accommodation and reassignment to the warehouse position, Defendant Heartland Coca-Cola Bottling Company, LLC falsely declared that there were no comparable or suitable positions available to accommodate Plaintiff Robert Reese's medical restrictions.

50. Defendant Heartland Coca-Cola Bottling Company, LLC thereafter reassigned Plaintiff Robert Reese to temporary positions with Loaves and Fishes in St. Louis County, Missouri, and St. Vincent de Paul in Fairview Heights, Illinois.

51. Throughout his employment, Plaintiff Robert Reese received favorable performance reviews and feedback and was not subject to any disciplinary actions.

52. Despite his work performance, Defendant Heartland Coca-Cola Bottling Company, LLC engaged in a scheme or plan to force Plaintiff Robert Reese either to resign or be terminated.

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

53. By demoting, withdrawing support, refusing to modify the previously granted accommodations, failing to fully honor the accommodations, denying promotion or transfer, withdrawing the previously granted accommodations, transferring or reassigning to dissimilar positions, and transferring or reassigning to temporary positions outside the company, Defendant Heartland Coca-Cola Bottling Company, LLC intentionally harassed Plaintiff Robert Reese, created working conditions that were intolerable, and constructively discharged Plaintiff Robert Reese where the intolerable working conditions forced Plaintiff Robert Reese to involuntarily resign his employment with Defendant Coca-Cola Bottling Company, LLC on May 28, 2025.

### COUNT I – UNLAWFUL EMPLOYMENT DISCRIMINATION

COMES NOW, Plaintiff Robert Reese, by and through his attorneys, and for Count I of Plaintiff's Petition against Defendant Heartland Coca-Cola Bottling Company, LLC states as follows:

54. Plaintiff Robert Reese realleges, restates and incorporates by reference herein paragraphs 1 through 53 of Plaintiff's Petition as and for this paragraph 54.

55. At all times relevant hereto, Plaintiff Robert Reese is and was disabled or regarded as being disabled and is and was a member of a protected class under the Missouri Human Rights Act based on his disability or perceived disability where:

    a. Plaintiff Robert Reese suffered a workplace injury to his back;

    b. The workplace injury to his back impaired or limited his ability to perform manual tasks requiring lifting, pulling or pushing items in excess of forty (40) pounds; and

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

c.      Despite the workplace injury impairing or limiting his ability to perform manual tasks to perform manual tasks requiring lifting, pulling or pushing items in excess of forty (40) pounds, the workplace injury and related physical impairment caused by the workplace injury did not interfere with Plaintiff Robert Reese's performance and Plaintiff Robert Reese was able to perform the duties and essential functions of the positions of Lead Merchandiser, Merchandiser and Salesperson with and/or without reasonable accommodation.

56.      Defendant Heartland Coca-Cola Bottling Company, LLC discriminated against Plaintiff Robert Reese based on the above-described disability or perceived disability as follows:

a.      Defendant Heartland Coca-Cola Bottling Company, LLC terminated or otherwise removed Plaintiff Robert Reese from the Lead Merchandiser position.

b.      Defendant Heartland Coca-Cola Bottling Company, LLC demoted Plaintiff Robert Reese from the Lead Merchandiser position to the Merchandiser position.

c.      Defendant Heartland Coca-Cola Bottling Company, LLC reassigned Plaintiff Robert Reese to the Merchandiser position and/or changed Plaintiff Robert Reese's work duties to require more strenuous and more physical manual labor.

d.      Defendant Heartland Coca-Cola Bottling Company, LLC failed to engage in the interactive process with Plaintiff Robert Reese regarding his disability, limitations associated with his disability, and the accommodation of limitations on manual labor relating to lifting, pushing and pulling associated with his disability.

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

e.    Defendant Heartland Coca-Cola Bottling Company, LLC denied Plaintiff Robert Reese's request for accommodation and/or refused to modify his work duties to accommodate limitations on manual labor relating to pushing and pulling associated with his disability.

f.    Defendant Heartland Coca-Cola Bottling Company, LLC failed to fully implement and consistently honor the accommodations previously granted to Plaintiff Robert Reese relating to limitations on manual labor relating to lifting, pushing and pulling associated with his disability.

g.    Defendant Heartland Coca-Cola Bottling Company, LLC failed and refused to hire, promote or transfer Plaintiff Robert Reese to open Salesperson positions, adopted and maintained a policy and practice limiting promotion and transfer of disabled employees working with accommodation, and denied Plaintiff Robert Reese all promotional opportunities.

h.    Defendant Heartland Coca-Cola Bottling Company, LLC demoted Plaintiff Robert Reese from the Merchandiser position to a warehouse position.

i.    Defendant Heartland Coca-Cola Bottling Company, LLC reassigned Plaintiff Robert Reese to a warehouse position and/or changed Plaintiff Robert Reese's location, work duties and schedule to be less desirable.

57.    Plaintiff Robert Reese's disability or perceived disability actually played a role in and had a determinative influence on Defendant Heartland Cocoa-Cola Bottling Company, LLC's decision to take the above-described employment actions.

58.    As a direct and proximate result of the discrimination, Plaintiff Robert Reese sustained actual damages in excess of $25,000.00 as follows:

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

a.      Lost wages and benefits;

b.      Diminution in wages and benefits;

c.      Severe emotional distress, including pain and suffering, mental anguish, humiliation, anxiety, loss of self-confidence, and loss of enjoyment of life;

d.      Damage to his professional reputation;

e.      Attorney's fees and costs associated with the prosecution of this claim as special damages.

59.    Plaintiff Robert Reese seeks equitable relief in the form of reinstatement or, in the alternative, front pay.

WHEREFORE, Plaintiff Robert Reese prays for judgment in her favor and against Defendant Heartland Coca-Cola Bottling Company, LLC for actual damages in such amount as is fair and reasonable, for compensatory damages, for pre-judgment and post-judgment interest on any monetary award, for equitable relief in the form of reinstatement to former position with appropriate accommodations or front pay, for Plaintiff's reasonable attorney's fees and costs incurred herein, and for such other and further relief as the Court may deem proper.

## COUNT II – HOSTILE WORK ENVIRONMENT

COMES NOW Plaintiff Robert Reese, by and through her counsel, and for Count II of Plaintiff's Petition against Defendant Heartland Coca-Cola Bottling Company, LLC states as follows:

60.    Plaintiff Robert Reese realleges, restates and incorporates by reference herein paragraphs 1 through 53 of Plaintiff's Petition as and for this paragraph 60.

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

61.    Beginning on or about November 7, 2024, and continuing thereafter, Defendant Heartland Coca-Cola Bottling Company, LLC subjected Plaintiff Robert Reese to a pattern of harassment and hostile treatment based on her disability, including but not limited to, the following:

    a.    Openly targeting her for dismissal based on her disability;

    b.    Making disparaging comments about her work restrictions and need for accommodations;

    c.    Complaining or permitting employees to complain about the work restrictions and accommodations;

    d.    Deliberately ostracizing her from other employees;

    e.    Removing all workplace supports;

    f.    Subjecting her to heightened and unwarranted criticism;

    g.    Refusing to modify the previously granted accommodations;

    h.    Failing to fully honor the accommodations;

    i.    Denying all promotional, transfer or hiring opportunities;

    j.    Withdrawing the previously granted accommodations;

    k.    Transferring or reassigning to dissimilar positions;

    l    Transferring or reassigning to temporary positions outside the company; and

    m.    Constructively discharging Plaintiff Robert Reese.

62.    The harassment created working conditions that were hostile, intimidating and abusive and were sufficiently severe and pervasive to alter the terms and conditions of Plaintiff Robert Reese's employment and to create a hostile work environment

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

63.    Plaintiff Robert Reese was required either to accept the harassment as a condition of her continued employment by Defendant Heartland Coca-Cola Bottling Company, LLC or be terminated.

64.    Despite the ongoing harassment based on Plaintiff Robert Reese's disability, Defendant Heartland Coca-Cola Bottling Company, LLC failed to take any meaningful corrective action to address Plaintiff Robert Reese's concerns regarding the hostile work environment, removal of previously granted accommodations, and discriminatory treatment.

65.    Instead of addressing these issues, Defendant Heartland Coca-Cola Bottling Company, LLC continued its pattern of discriminatory conduct, culminating in Plaintiff Robert Reese's constructive discharge.

66.    As a direct and proximate result of the harassment, Plaintiff Robert Reese sustained actual damages in excess of $25,000.00 as follows:

       a.    Lost wages and benefits;

       b.    Diminution in wages and benefits;

       c.    Severe emotional distress, including pain and suffering, mental anguish, humiliation, anxiety, loss of self-confidence, and loss of enjoyment of life;

       d.    Damage to his professional reputation;

       e.    Attorney's fees and costs associated with the prosecution of this claim as special damages.

67.    Plaintiff Robert Reese seeks equitable relief in the form of reinstatement or, in the alternative, front pay.

15

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

WHEREFORE, Plaintiff Robert Reese prays for judgment in her favor and against Defendant Heartland Coca-Cola Bottling Company, LLC for actual damages in such amount as is fair and reasonable, for compensatory damages, for pre-judgment and post-judgment interest on any monetary award, for equitable relief in the form of reinstatement to former position with appropriate accommodations or front pay, for Plaintiff's reasonable attorney's fees and costs incurred herein, and for such other and further relief as the Court may deem proper.

## COUNT III - RETALIATION

COMES NOW Plaintiff Robert Reese, by and through her counsel, and for Count III of Plaintiff's Petition against Defendant Heartland Coca-Cola Bottling Company, LLC states as follows:

68.    Plaintiff Robert Reese realleges, restates and incorporates by reference herein paragraphs 1 through 53 as and for this paragraph 68 of Plaintiff's Petition.

69.    Plaintiff Robert Reese engaged in protected activity under the Missouri Human Rights Act by opposing discrimination based on disability as follows:

a.    Plaintiff Robert Reese objected to Defendant Heartland Coca-Cola Bottling Company, LLC's failure to engage in the interactive process with Plaintiff Robert Reese regarding his disability, limitations associated with his disability, and the accommodation of limitations on manual labor relating to lifting, pushing and pulling associated with his disability;

b.    Plaintiff Robert Reese objected to Defendant Heartland Coca-Cola Bottling Company, LLC denied Plaintiff Robert Reese's request for accommodation and/or

16

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

refused to modify his work duties to accommodate limitations on manual labor relating to pushing and pulling associated with his disability;

      c.     Plaintiff Robert Reese objected to Defendant Heartland Coca-Cola Bottling Company, LLC's failure to fully implement and consistently honor the accommodations previously granted to Plaintiff Robert Reese relating to limitations on manual labor relating to lifting, pushing and pulling associated with his disability; and

      d.     Plaintiff Robert Reese objected to Defendant Heartland Coca-Cola Bottling Company, LLC's adoption and maintenance of a policy and practice limiting promotion and transfer of disabled employees working with accommodation which thereby denied Plaintiff Robert Reese all promotional opportunities.

70.     Defendant Heartland Coca-Cola Bottling Company, LLC retaliated against Plaintiff Robert Reese based on his opposition to discrimination as follows:

      a.     Defendant Heartland Coca-Cola Bottling Company, LLC terminated or otherwise removed Plaintiff Robert Reese from the Lead Merchandiser position.

      b.     Defendant Heartland Coca-Cola Bottling Company, LLC demoted Plaintiff Robert Reese from the Lead Merchandiser position to the Merchandiser position.

      c.     Defendant Heartland Coca-Cola Bottling Company, LLC reassigned Plaintiff Robert Reese to the Merchandiser position and/or changed Plaintiff Robert Reese's work duties to require more strenuous and more physical manual labor.

      d.     Defendant Heartland Coca-Cola Bottling Company, LLC failed to engage in the interactive process with Plaintiff Robert Reese regarding his disability,

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

limitations associated with his disability, and the accommodation of limitations on manual labor relating to lifting, pushing and pulling associated with his disability.

e.      Defendant Heartland Coca-Cola Bottling Company, LLC denied Plaintiff Robert Reese's request for accommodation and/or refused to modify his work duties to accommodate limitations on manual labor relating to pushing and pulling associated with his disability.

f.      Defendant Heartland Coca-Cola Bottling Company, LLC failed to fully implement and consistently honor the accommodations previously granted to Plaintiff Robert Reese relating to limitations on manual labor relating to lifting, pushing and pulling associated with his disability.

g.      Defendant Heartland Coca-Cola Bottling Company, LLC failed and refused to hire, promote or transfer Plaintiff Robert Reese to open Salesperson positions, adopted and maintained a policy and practice limiting promotion and transfer of disabled employees working with accommodation, and denied Plaintiff Robert Reese all promotional opportunities.

h.      Defendant Heartland Coca-Cola Bottling Company, LLC demoted Plaintiff Robert Reese from the Merchandiser position to a warehouse position.

i.      Defendant Heartland Coca-Cola Bottling Company, LLC reassigned Plaintiff Robert Reese to a warehouse position and/or changed Plaintiff Robert Reese's location, work duties and schedule to be less desirable.

71.      Plaintiff Robert Reese's opposition to discrimination actually played a role in and had a determinative influence on Defendant Heartland Cocoa-Cola Bottling Company, LLC's decision to take the above-described adverse actions.

18

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

72.    As a direct and proximate result of the discrimination, Plaintiff Robert Reese sustained actual damages in excess of $25,000.00 as follows:

     a.    Lost wages and benefits;

     b.    Diminution in wages and benefits;

     c.    Severe emotional distress, including pain and suffering, mental anguish, humiliation, anxiety, loss of self-confidence, and loss of enjoyment of life;

     d.    Damage to his professional reputation;

     e.    Attorney's fees and costs associated with the prosecution of this claim as special damages.

73.    Plaintiff Robert Reese seeks equitable relief in the form of reinstatement or, in the alternative, front pay.

WHEREFORE, Plaintiff Robert Reese prays for judgment in her favor and against Defendant Heartland Coca-Cola Bottling Company, LLC for actual damages in such amount as is fair and reasonable, for compensatory damages, for pre-judgment and post-judgment interest on any monetary award, for equitable relief in the form of reinstatement to former position with appropriate accommodations or front pay, for Plaintiff's reasonable attorney's fees and costs incurred herein, and for such other and further relief as the Court may deem proper.

Electronically Filed - City of St. Louis - April 15, 2026 - 06:06 PM

Respectfully Submitted,

**LAW OFFICES OF JOAN M. SWARTZ**

By:  */s/ Joan M. Swartz*
Joan M. Swartz, #37242
3348 Greenwood Blvd.
Maplewood, Missouri 63143
(314) 471-2032 – Telephone
(314) 270-8103 – Facsimile
jms@jmsllc.com

**SHAUGHNESSY LAW FIRM**

By:  */s/ Ryan S. Shaughnessy*
Ryan S. Shaughnessy, #39922
100 N. Kingshighway Blvd., Suite 2310
St. Louis, Missouri 63108
(314) 971-4381- Telephone
rss@slfadvisors.com

***Attorneys for Plaintiff***

.